**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR206** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **CHARLES M. THEILER,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 12). See Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory. The Court has also reviewed the Defendant's motion for deviation or variance and supporting brief (Filing Nos. 16, 17).

The Defendant raises several objections to the PSR, which are discussed below.

### *¶¶ 34, 35, 89 - Loss - Restitution*

Pursuant to the plea agreement, the Defendant has exercised his right to object to this amount. The issue will be heard at sentencing, and the government bears the burden of proof by a preponderance of the evidence.

### *¶¶ 1, 15, 43 - Loss - Government's Calculation*

The Defendant objects to the government's calculation of loss set out in ¶ 1 of the PSR which summarizes the Information. The objection to ¶ 1 is denied, as that paragraph merely summarizes a pleading. The Defendant also objects to ¶ 15, which is part of the

government's version of the offense. The Court is not at liberty to change a party's version of the offense, and the objection is denied.

The Defendant relies on the plea agreement, which states that he may object to the loss used for guideline purposes, which the government calculates as $3,992.00. However, the loss used for guideline purposes in the PSR is reflected in ¶ 43 as $4,931.420. The Court assumes that the Defendant intended to object to the loss amount stated in the PSR. The objection will be heard at sentencing, and the government has the burden of proof by a preponderance of the evidence.

### ¶¶ 38, 41, 47 - § 5C1.1 - Obstruction of Justice

The Defendant appears to object to the obstruction of justice enhancement. The objection will be heard at sentencing. To the extent that the objection relates to an alleged error in applying the guidelines, the Defendant bears the burden. However, to the extent that the objection is to the enhancement given the facts of the case, the objection is on the government. In either case, the standard is a preponderance of the evidence.

### ¶¶ 16, 44 - U.S.S.G. § 2B1.1(b)(13)(B)(i) - Jeopardizing a Financial Institution

The Defendant objects to this enhancement, arguing that the financial institution in question was not in "substantial" jeopardy. The Defendant reserved his right to raise this objection in the plea agreement. The objection will be heard at sentencing, and the government bears the3 burden by a preponderance.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 12) will be heard at sentencing;

2.     Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3.     If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.     Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final;

5.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

6.     The Defendant's motion for deviation or variance (Filing No. 16) will be heard at sentencing.

DATED this 10th day of December, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge